

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**CREDIT ACCEPTANCE CORPORATION**      **PLAINTIFF**

V.      CAUSE NO. 3:17-cv-318 TSL-RHW

**ROSEMARY THAMES and
WALTER WHITE**      **DEFENDANTS**

## COMPLAINT

COMES NOW Credit Acceptance Corporation ("Credit Acceptance") by and through its attorneys and files this its Complaint against Defendants Rosemary Thames and Walter White ("Defendants"), and in support thereof would show unto the Court the following, to-wit:

1. Credit Acceptance is a Michigan corporation with its principal place of business in Michigan. Credit Acceptance is qualified to do business in Mississippi.

2. Defendants Rosemary Thames and Walter White are adult resident citizens of Mississippi.

3. This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1332. Complete diversity of citizenship exists between the parties and the amount in controversy exceeds the jurisdiction requirement, based upon the underlying state-court claims. *See Anderson v. Wells Fargo Bank, N.A.*, 2015 WL 4775356, at *2 (S.D. Miss. Aug. 13, 2015); *SunLife Assurance Co. of Canada*

*(U.S.) v. Fairley,* 485 F.Supp.2d 731, 735 (S.D. Miss. 2007). This Court also has jurisdiction over this action as the underlying transactions arose through interstate commerce. This Court is further authorized to hear this matter pursuant to Section 4 of the Federal Arbitration Act, 9 U.S.C. § 1, *et seq.* ("FAA"), which allows a party seeking arbitration to file suit in federal district court.

4. Pursuant to 28 U.S.C. § 1391(a), venue is proper in the Southern District of Mississippi, Northern Division, because a substantial part of the events giving rise to this action occurred in the Southern District of Mississippi, Northern Division and/or Defendants reside in the Northern Division.

5. In conjunction with their purchase and financing of a used 2007 Chrysler 300 (Vehicle Identification No. 2C3KA43R37H603638) (the "Vehicle"), Defendants electronically executed a Retail Installment Contract with Chucks Used Cars on July 8, 2016. A true and correct copy of the Retail Installment Contract is attached hereto and incorporated herein as Exhibit "A." Defendants authorized their electronic signatures on the Retail Installment Contract. A true and correct copy of the Declaration Acknowledging Electronic Signature Process is attached hereto and incorporated herein as Exhibit "B."

6. The Retail Installment Contract contained an Arbitration Agreement that provided, in part:

> A "Dispute" is any controversy or claim between You and Us arising out of or in any way related to this Contract, including, but not limited

2

to, any default under this Contract, the collection of amounts due under this Contract, the purchase, sale, delivery, set-up, quality of the Vehicle, advertising for the Vehicle or its financing, or any product or service included in this Contract. "Dispute" shall have the broadest meaning possible, and includes contract claims, and claims based on tort, violations of laws, statutes, ordinances or regulations or any other legal or equitable theories. . . .

If a Dispute arises, the complaining party shall give the other party a written Dispute Notice and a reasonable opportunity, not less than 30 days, to resolve the Dispute. Any Dispute Notice to You will be sent in writing to the address on this Contract (or any updated address You subsequently provide to Us). Any Dispute Notice to Us must be sent by mail to: Credit Acceptance, Attn: Corporate Legal, 25505 West Twelve Mile Road, Suite 3000, Southfield, Michigan 48034-8339 (or any updated address We subsequently provide to You). Any Dispute Notice You send must give Your Account Number, telephone number and address. Any Dispute Notice must explain the nature of the Dispute and the relief that is demanded. The complaining party must reasonably cooperate in providing any information about the Dispute that the other party reasonably requests.

Either You or we may require any Dispute to be arbitrated and may do so before or after a lawsuit has been started over the Dispute or with respect to other Disputes or counterclaims brought later in the lawsuit. If You or We elect to arbitrate a Dispute, this Arbitration Clause applies. A Dispute shall be fully resolved by binding arbitration. Judgment on the arbitration award may be entered in any court with jurisdiction….

*See* Exhibit "A" at 5.

7.  Without ever providing the required "Dispute Notice," Defendant filed suit against Credit Acceptance, Chucks Used Cars, Sharon Seals and Charles Edward Seals on March 30, 2017, in the Chancery Court of the First Judicial District of Hinds County, Civil Action No. G-2017-446 T/1 (the "Lawsuit"). A true and correct copy of their Complaint for Accounting, Discovery, Declaratory &

Other Relief filed in the Lawsuit is attached hereto and incorporated herein as Exhibit "C." Defendants alleged that thy purchased an automobile from Chucks Used Cars on June 16, 2016, under the terms of an "Agreement" in which Credit Acceptance became the "lienholder." Thereafter Defendants contend that the vehicle was wrongfully repossessed. In their state-court complaint, Defendants asserted separate claims for conversion, detrimental reliance, promissory estoppel, unjust enrichment, deceptive trade practices, conspiracy, bad faith tort, trespass to land, breach of fiduciary obligation, and emotional distress. Defendants demand equitable and declaratory relief, and an unspecified and unlimited amount in actual and punitive damages.

8. Defendants are bound by the Arbitration Agreement in the Retail Installment Contract.

9. The Arbitration Agreement is fully applicable to the claims asserted by Defendants in the Lawsuit. Because Credit Acceptance has elected to resolve the Lawsuit through arbitration, Defendants must arbitrate the claims they have asserted in the Lawsuit. Credit Acceptance agrees to participate in arbitration in accordance with the terms of the Arbitration Agreement.

10. The Arbitration Agreement is expressly applicable to "Disputes," like those Defendants asserted in the Lawsuit. Credit Acceptance hereby seeks to enforce the terms of the Arbitration Agreement and requests an order compelling

arbitration and staying the Lawsuit. Credit Acceptance is also prepared to arbitrate any claims it may have against the Defendants relating to the underlying transaction in accordance with the terms of the Arbitration Agreement.

11. The Arbitration Agreement is governed by the FAA. As noted in the Arbitration Agreement, the Retail Installment Contract "evidences a transaction in interstate commerce." *See* 9 U.S.C. § 2. Pursuant to the FAA, the Arbitration Agreement is valid and must be enforced.

12. All issues raised in the Lawsuit relate directly to the use, purchase, condition and/or financing of the subject automobile. The allegations and claims asserted in the Lawsuit are encompassed within the scope of the Arbitration Agreement.

13. By filing this action, Credit Acceptance hereby asserts its demand for arbitration in accordance with the provisions called for under the Arbitration Agreement.

14. As a result of Credit Acceptance's election to arbitrate, Defendants are barred from pursuing the Lawsuit and can now only pursue their claims against Credit Acceptance through arbitration.

15. Pursuant to 9 U.S.C. § 4, Credit Acceptance requests that this Court issue an Order: (a) directing Defendants to proceed with arbitration if they seek to pursue any claims against Credit Acceptance; (b) staying and enjoining Defendants

from proceeding in the Lawsuit pending arbitration; and/or (c) directing Defendants to withdraw the Lawsuit and take no further action outside of arbitration with regard to disputes arising under the Arbitration Agreement.

WHEREFORE, PREMISES CONSIDERED, Credit Acceptance prays for judgment as follows:

1. Compelling Defendants:

    (a) To bring all claims they intend to assert through arbitration as required pursuant to the terms of the Arbitration Agreement;

    (b) Withdraw the Lawsuit; and

    (c) To take no further action outside of arbitration with regard to any claims or controversies covered by the Arbitration Agreement.

2. Alternatively, staying the Lawsuit pending arbitration.

3. Staying this proceeding pending the completion of arbitration.

4. Granting such other and further relief as the Court may find just and equitable.

DATED: May 1, 2017.

Respectfully submitted,

**CREDIT ACCEPTANCE CORPORATION**

By: _____
OF COUNSEL

Mark H. Tyson (MSB No. 9893)
Stephen T. Masley (MSB No. 101870)
McGLINCHEY STAFFORD, PLLC
City Centre South, Suite 1100
200 South Lamar Street (Zip–39201)
Post Office Drawer 22949
Jackson, Mississippi 39225-2949
Telephone:   (769) 524-2300
Facsimile:   (769) 524-2333
mtyson@mcglinchey.com
smasley@mcglinchey.com
301794.1