# EXHIBIT "C"

IN THE CHANCERY COURT OF HINDS COUNTY, STATE OF MISSISSIPPI

FILED
MAR 30 2017
EDDIE JEAN CARR, CHANCERY CLERK
BY ______ D.C.

ROSEMARY THAMES & WALTER WHITE, PLAINTIFFS

V. CIVIL ACTION NO.: G-2017-446 T/1

CHUCKS USED CARS, SHARON SEALS & CHARLES EDWARD SEALS, CREDIT ACCEPTANCE CORPORATION JOHN AND/OR JANE DOES 1-50 DOE CORPORATIONS 1-10 DEFENDANTS

**COMPLAINT FOR ACCOUNTING, DISCOVERY, DECLARATORY & OTHER RELIEF**

INTRODUCTION

This is a Complaint demanding an accounting, discovery as well as specific performance and damages against Defendants. Elderly Plaintiffs purchased and financed a vehicle by the identified Defendants. After making a substantial down payment of approximately 20% Plaintiffs rightfully took possession. After making six months of proper payments, Plaintiffs were instructed by the Defendant financing company to make payments directly to Defendant. At least one Defendant repossessed the vehicle, during which real and personal property was destroyed. Rather than acknowledge Plaintiff's rights for the payments made, financing co. Defendants failed or refused to refund the Plaintiff of money and/or demanded another down payment and kept the car, which is now gone. To date, Plaintiff is unable to freely travel to those appointments, necessary to maintain proper health.

PARTIES

1. Plaintiffs are Rosemary Thames and Walter White, both of whom reside in Hinds County, State of Mississippi.

2. More specifically, Rosemary resides at 2193 Barrett Street of Jackson. Mississippi 39204 and Walter resides at 1521 Jones Street. Jackson, Mississippi 39204. Plaintiffs ask the Court to take judicial notice both addresses are within the jurisdiction and venue boundaries of this Honorable Court.

3. Local Defendants are identified to be Chucks Used Cars, Charles Edward Seals III and Sharon Seals. "Chucks" is purportedly a used car lot located at 210 South Main Street Newton, Mississippi 39345. Both individuals and the purported entity may be served with process in accordance with law.

4. Defendant Credit Acceptance is a foreign Corporation with a principle place of business in Southfield, Michigan located at 25505 Twelve Mile Road, 48034-8339 and may be served in accordance with law.

JURISDICTION & VENUE

5. Jurisdiction and venue are proper before this Honorable Court as Defendant Credit Acceptance is a Michigan corporation and Defendant Credit acceptance availed themselves to this forum by conducting business with Plaintiff and Defendants. Additionally, Credit Acceptance Corp. accepted payments and further communicated with Plaintiffs through correspondence.

6. Additionally, the resulting harm Plaintiff's sustained in Hinds County is a large part of a series of actions and/or inactions such as the Defendants failure to act or otherwise taking Plaintiff's property in Hinds County, which underlies this cause of action.

FACTS

7. On or about June 16, 2016 Rosemary and Walter were consumers who engaged with Defendant(s) for an automobile, namely a 2007 Chrysler 300 with 123,000 miles, which would be sold to them for $9,000.00.

8. Plaintiff's endorsed and solidified said business engagement by tendering U.S. Currency in the sum of $1,500, thereby securing the transaction.

9. Upon Information and belief, Credit Acceptance Corporation financed same at an interest rate of 22% thereby giving rise to a monthly payment of 310.00 to which Credit Acceptance accepted for a period of six months.

10. According to the terms of the Agreement, Credit Acceptance became the lienholder for a period of 60 months, but ceased to hold itself out as same after six months.

11. According to fair-market standards, upon information and belief, the value of the Chrysler was $5,100.00 at-best.

12. Defendants induced Plaintiffs to finance an additional sum of $674.00 for the purposes of securing GAP coverage.

13. Payments made totaling $1,860.00 were timely, and were within the terms of the agreement.

14. Defendant Chucks Used Cars was obligated secure Certificate of Title, License, and Registration for the cost of $269.

15. Just before Christmas of 2016, and during the late-evening or early morning hours one or more persons, believed to be functioning on behalf of one or more Defendants entered the property of Rosemary and assumed possession of the vehicle during their period of trespass.

16. When Plaintiff awoke the next morning, it was discovered not only was the car gone there was a bent pole, which caused the uprooting of cement, damage to Plaintiff's central air conditioning unit and the land located in the front yard as well as trashcans that were knocked over.

17. That, upon information and belief, the Chrysler was dragged before it was forcibly removed from the Plaintiff's property.

18. Plaintiff had personal items in the Chrysler a cost of purchase approximately $100.00, which Defendant has refused and/or failed to return.

19. Plaintiff incurred additional costs and lost time by registering the vehicle, obtaining liability coverage through their own Agent, but were unable to continue same as the result of Defendant's failure to produce a Certificate of title.

20. In the days preceding repossession, and shortly after Credit Acceptance refused to accept further payments, Charles demanded that Rosemary pay unto him additional $1,500.00 for further down payment and to remain in possession of the Chrysler.

21. Credit Acceptance did not expressly acknowledge receipt nor possession of a title to said vehicle. Plaintiffs were unsuccessful in their attempt to obtain same from the remaining Defendants.

22. Upon information and belief, Credit Acceptance Corporation is a sub-prime lender, and knew or reasonably should have known the Chrysler to be owned by another person, especially where it has financed said vehicle.

23. On or about December 9, 2016, Credit Acceptance Corporation notified Plaintiffs that it would no longer remain the lienholder and that ***all further payments*** were to be made to the "Selling Dealer."

24. At least one Plaintiff made several demands for a proper Certificate of Title, having traveled to the place of where business was engaged and Defendant Sharon Seals, having traveled to the situs of the vehicle.

25. Rosemary's income is affixed and must receive medical treatment on a routine basis. As a result of her vulnerability she is unable to travel to her medical appointments without interruption of the schedule of others and which places a hardship upon Plaintiff.

26. Upon information and belief, the Chrysler is no longer "available," and as will likely be developed through discovery was sold or transferred to another without any legitimate ability for redemption, if applicable in this case.

CONVERSION

27. Plaintiff incorporates herein Para. No.'s 1-26 as fully set-forth herein below

28. As to the Certificate of Title, Plaintiffs allege that one or more Defendants were at all times in wrongful possession or unlawfully exercised dominion or control of said Certificate of Title.

29. That Defendant's possession of same, whether actual or constructive was to the exclusion or defiance of the owners' rights, and/or amounting to an unauthorized use, and/or unlawful detention after demand for same.

30. As to the Chrysler, any property destruction caused by one (1) or more Defendants during this re-possession gives rise to a breach of the peace, thereby making possession wrongful and/or unlawful.

31. That re-possession of said vehicle, which was financed at the sum of $14,529.00, whether actual or constructive was to the exclusion or defiance of the owners' rights, or of an unauthorized use, or of an unlawful detention after demand.

DETRIMENTAL RELIANCE & PROMISSORY ESTOPPEL

32. Plaintiff incorporates herein Para. No.'s 1-31 as fully set-forth herein below.

33. Defendant Credit Acceptance financed a total of $15,000.00 which was placed in the possession of Defendants and is therefore the person charged to be in possession of money or property which in good conscious and justice, he should not retain, but should deliver to unto Your Plaintiffs.

34. Plaintiffs acted in reliance upon the representations made by the Defendant, to which said reliance was detrimental to their own financial interests.

UNJUST ENRICHMENT

35. Plaintiff incorporates herein Para. No.'s 1-34 as fully set-forth herein, below:

36. Defendants were enriched in the sum of $1,500.00 by the Plaintiff's on the date of the business engagement.

37. Defendant's enrichment was at the expense of Plaintiffs, and the circumstances are of legal and/or of an equitable nature that Defendant's enrichment was unjust.

38. In the alternative, Plaintiffs would claim a breach of contract as to all Defendants, more specifically: that Plaintiffs and Defendants completed a transaction which was supported by an offer, which was accepted and for which there existed consideration.

DECEPTIVE TRADE PRACTICES

39. Plaintiff incorporates herein Para. No.'s 1-38 as fully set-forth herein below:

40. Defendants, Credit Acceptance. Chucks Used Cars. Charles & Sharon Seals, and the Doe Defendants, while acting in a position of authority over persons whom are vulnerable, engaged in an unfair method of competition affecting commerce and unfair or deceptive trade practices, which are prohibited according to Mississippi law.

41. That, their conduct leading up to, during and after the transaction, giving rise to this cause of action violated Mississippi's unfair and deceptive trade practice law.

42. That, these, not only agreed to engage in same, they also failed to exercise reasonable care, and/or engaged in unreasonable conduct which was a conscious and voluntary disregard of the need to use reasonable care, which is likely to cause foreseeable grave injury or harm to persons, property, or both.

CONSPIRACY

43. Plaintiff incorporates herein Para. No.'s 1-42 as fully set-forth herein

44. Defendant Credit Acceptance Corporation and Defendants Chucks, Charles and Sharon, agreed to finance the Chrysler for the purposes of providing a good as well as title services to the Plaintiff.

45. Defendants knew or reasonably should have known the Chrysler, which was purchased by the Plaintiff to be owned by another person at the time of the sale and knew or reasonably should have known there was no legal way to transfer legal title with Plaintiffs.

46. Accordingly, Defendants agreed to break the law at some time in the future and/or achieved a lawful aim by unlawful means by contracting for the vehicle and their respective services, which were impossible.

BAD FAITH TORT

47. Plaintiff incorporates herein Para. No.'s 1-46 as fully set-forth herein below.

48. Defendant Credit Acceptance and Chucks Used Cars refused to honor their respective obligations, and there existed factual and legal obligations which were owed unto Plaintiffs.

49. These Defendants failed and/or otherwise refused to honor the obligation and/or unreasonably delayed the obligation.

50. Defendant Credit Acceptance had no arguable reason to refuse to finance or to perform its contractual obligation and acted willfully, maliciously, or with reckless disregard for the Plaintiff's rights.

51. Defendants Charles, Chucks, and Sharon had no arguable reason to refuse to provide the title for the Chrysler nor to refuse to reimburse Plaintiffs of the moneys which they expended on the vehicle.

52. Defendants breaches of their respective obligations results from an intentional wrong, insult, or abuse as well as from such gross negligence as constitutes an intentional tort.

TRESPASS TO LAND

53. Plaintiff incorporates herein Para No.'s 1-52 as fully set-forth below and claims:

54. Defendant(s) intentionally invaded the Plaintiff's land and did so without a license or other right and for which Plaintiff suffered harm therefrom.

BREACH OF FIDUCIARY OBLIGATION

55. Plaintiff incorporates herein Para. No.'s 1-55 as fully set-forth below

56. Plaintiffs and Defendants established and maintained a relationship in which Defendants were in a position to exercise dominant influence upon Plaintiffs by virtue of the Defendant's respective position to exercise dominant influence over the Plaintiffs through Plaintiffs dependency on these Defendants.

57. That said arrangement arose from the confidential nature of a relationship among Plaintiffs and Defendants, and which was further solidified by Plaintiffs weakness of the mind, body, or through trust unto .

58. That, Defendants Chuck's Used Cars, Charles & Sharon Seals, as well as Credit Acceptance further breached the relationship between themselves and Plaintiffs which is characterized as that of a fiduciary.

EMOTIONAL DISTRESS

59. Plaintiff incorporates herein Para. No.'s 1-59 as fully set-forth below

60. Plaintiff suffers from mental anguish, although she has been unable to afford the costs of medical care for which she'is able to seek proper treatment.

61. The conduct of each Defendant especially that of the Seals Defendants throughout the entire engagement was done intentionally, and evokes outrage or revulsion for which the Court may comfortably assess damages for mental and emotional stress.

62. That, the emotional distress suffered by Plaintiffs was reasonably foreseeable and was a direct and proximate cause of the Defendants actions.

RELIEF CLAIMED

63. Plaintiff incorporates herein Para. No.'s 1-62 as if fully set forther herein and demands relief, as more fully set-forth below:

64. Accounting by Fiduciary Defendants-- Pursuant to Mississippi Law, Plaintiffs demand an accounting and discovery by Defendants Credit Acceptance Corporation and Chucks Used Cars, acting in their capacity to determine:

a. where there payments have gone

b. where the Chrysler is presently located

c. where the money loaned by Credit Acceptance is at the present

d. whether the money was misappropriated and to what extent it was

e. the form of proceeds result from disbursement or reimbursement of the sum financed before and Credit Acceptance "assignment" and Defendants repossession, as cash or otherwise

f. how much interest has accrued, as Plaintiffs have asserted colorable claim to be a "creditor" for the Chrysler purchased by them

65. Declaratory Relief -- Pursuant to Rule 57 of the Mississippi Rules of Civil Procedure, Plaintiffs ask this Court to declare these Defendants as being liable for the harms alleged herein and that

these Defendants operated in bad-faith, such that Chuck's Used Cars and Credit Acceptance ought to be declared as proceeding in bad faith and precluded from engaging in predatory practices in the future.

66. Specific performance – Plaintiffs seek specific performance in accordance with equity and good conscience that would make them whole, such as Credit Acceptance Corporation being ordered to provide Plaintiff with a new vehicle valued at $15,000.00 without cost unto them.

67. Additionally, Plaintiffs demand punitive relief upon any judgment of damages and specific performance against Defendants for their conduct.

68. As a punitive measure, the Court should order Credit Acceptance to finance a vehicle which is doubled in actual value in comparison to the initial loan akin to the financing of the Plaintiff's Chrysler and Credit Acceptance ought to be ordered to finance another vehicle with a statutory cap on interest at the rate of 8%.

69. Compensatory Damages - Plaintiffs are entitled to the sum of approximately $4,000.00 representative of compensatory damages in this action for their out of pocket expenses.

70. Plaintiffs are legally entitled to the fully bargained for purchase price of the vehicle in the sum to which it was sold and ought to receive $14,529.00 for which the Chrysler was financed as full and fair compensation for their claims of promissory estoppel.

71. Special Damages - Plaintiffs are entitled to statutory damages in accordance with Mississippi law including but not limited to laws which provide greater protections for consumers which are the same type of individuals heightened protections are accorded.

72. Therefore, Plaintiffs demand the sum of $19,529.00 representative of general and specific damages claimed, notwithstanding their eligibility to enhanced statutory damages, their respective attorney's fees incurred to the present and future, and court costs for prosecuting this cause of action, in this action and for further specific performance against these Defendants to which the Court should enter a judgment against Defendants and for which this Court should let execution issue.

**WHEREFORE, premises considered,** Plaintiffs seek the following by this Honorable Court:

A. Their complaint be received, docketed, and filed and for which the Clerk of the Court is requested to issue a summons therefore;

B. That, the Court enter a judgment against Defendants for the relief sought herein, and;

C. The Court grant any pre and/or post judgment interest for any relief accorded with the judgment aforesaid

D. Being duty-bound for any other relief the court finds proper and just under the circumstances, should any relief sought be incorrect or improper.

Respectfully submitted this, 30th day of March, 2017.

ROSEMARY THAMES &
WALTER WHITE, Plaintiffs
*by their Attorneys*

Erich G. Jerscheid, (104982)

OF COUNSEL:
Erich G. Jerscheid, (MSB 104982)
Erich G. Jerscheid, PLLC
413 South President Street, Suite 112
Jackson, Mississippi 39201
Office: (601) 914-2741
Facsimile (601) 605-0447
ejerscheid@redjlaw.com