UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

CREDIT ACCEPTANCE CORPORATION                                PLAINTIFF

VS.                                    CIVIL ACTION NO. 3:17CV318TSL-RHW

ROSEMARY THAMES &                                            DEFENDANTS
WALTER WHITE

MEMORANDUM OPINION AND ORDER

This cause is before the court on the motion of defendants Rosemary Thames and Walter White to set aside the default judgment entered against them by the court on June 26, 2017. Plaintiff Credit Acceptance Corporation (CAC) has responded in opposition to the motion, and the court, having considered the motion, response and the record in the case[1], concludes that the motion should be denied.

On May 1, 2017, CAC, a Michigan corporation, asserting diversity subject matter jurisdiction under 28 U.S.C. § 1332[2], filed a complaint for arbitration pursuant to § 4 of the Federal Arbitration Act (FAA), 9 U.S.C. § 1, et seq., against defendants, Mississippi residents. According to the complaint, under the

---

[1] Counsel for defendants failed to file a brief in support of the motion as required by Uniform Local Rule 7(b)(2); he further inexplicably failed to file a rebuttal submission to attempt to explain the numerous deficiencies identified by CAC's response.

[2] This section provides that the district court has original federal jurisdiction "where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between ... citizens of different states...."

terms of a purchase and finance agreement executed by White and Thames in connection with their purchase of a car financed by CAC, they agreed both to arbitrate "any controversy or claim between You and US arising out of or in any way related to this Contract," and to provide CAC with written notice of any covered dispute.[3]

Notwithstanding this agreement, on March 30, 2017, White and Thames filed suit against CAC, Chucks Used Cars, Sharon Seals and Charles Edward Seals in the Hinds County Chancery Court asserting claims for conversion, detrimental reliance, unjust enrichment, deceptive trade practices, conspiracy, bad faith tort, trespass, breach of fiduciary obligation and emotional distress based on allegations that even though they made a substantial down payment and timely made all payments pursuant to their Agreement executed in connection with their purchase of the vehicle, defendants wrongfully repossessed the car in December 2016. As relief, among other things, White and Thames sought to be provided a new vehicle valued at $15,000, "general and specific" damages in the amount of $19,429, punitive damages and an award of attorney's fees.

---

[3] By its terms, the arbitration provision applies to any "Dispute" between the parties, defined as "any controversy or claim between You and US arising out of or in any way related to this Contract." The provision further states that "'Dispute' shall have the broadest meaning possible, and includes contract claims, and claims based on tort, violations of laws, statutes, ordinances, regulations or any other legal or equitable theories."

2

CAC served White and Thames with the summons and complaint in this cause on May 18, 2017. Thereafter, on June 14, 2017, when no answer or other responsive pleading had been filed by White or Thames, CAC sought and received a clerk's entry of default pursuant to Rule 55(a) of the Federal Rules of Civil Procedure. On June 18, 2107, CAC filed its motion for default judgment, which the court granted on June 27, 2017. The court's judgment required White and Thames to arbitrate their disputes, stayed the state court litigation and dismissed the action.

On July 5, 2017, defendants filed the present motion seeking to set aside the default judgment, strike the entry of default, lift the stay of the state court proceedings and award $8,000 in attorney's fees. Although it is not altogether clear, White and Thames appear to urge that the judgment should be set aside because (1) it is void as the court lacks diversity jurisdiction; (2) they were not provided proper notice of default under either the Federal Rules of Civil Procedure or § 4 of the FAA and the conduct of CAC's attorneys lulled them into believing that CAC intended to proceed in state court; and (3) the judgment was obtained through the use of fraudulent documentation.

Federal Rule of Civil Procedure Rule 55(c) provides that the court may set aside a default judgment in accordance with Rule 60(b). Rule 60(b), in turn, provides, in pertinent part,

3

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
> (1) mistake, inadvertence, surprise, or excusable neglect; . . .
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; [or]
> (4) the judgment is void[.]

Rule 60(b) is a "remedial provision intended to prevent injustice by allowing parties their day in court even though some technical error has occurred which would otherwise be grounds for default." Greater Baton Rouge Golf Assoc. v. Recreation and Park Comm'n, 507 F.2d 227, 228 (5th Cir. 1975). As a general proposition, the decision to grant or deny a motion to set aside a default judgment under Rule 60(b) rests within the trial court's discretion and is, at bottom, an equitable one. United States v. One Parcel of Real Property, 763 F.2d 181, 183 (5th Cir. 1985)). An exception is Rule 60(b)(4). "Unlike other Rule 60(b) provisions, relief under Rule 60(b)(4) is not discretionary; if the judgment is void, the district court must necessarily set the judgment aside." Borne v. River Parishes Hosp., LLC, 548 Fed. Appx. 954, 957 (5th Cir. Apr. 22, 2013). A void judgment is "one which, from its inception, was a complete nullity and without legal effect." Id. (internal citations and quotation marks omitted). The Fifth Circuit has identified two circumstances in which a judgment may be set aside under Rule 60(b)(4): "1) if the initial court lacked subject matter or personal jurisdiction; and 2) if the district court

4

acted in a manner inconsistent with due process of law." Callon Petroleum Co. v. Frontier Ins. Co., 351 F.3d 204, 208 (5th Cir. 2003) (citing Carter v. Fenner, 136 F.3d 1000, 1005 (5th Cir. 1998)).

Here, White and Thames argue that the judgment is void because the court lacked subject matter jurisdiction. In this regard, they appear to argue that diversity jurisdiction is lacking for two reasons: (1) CAC failed to join certain indispensable parties as defendants, and specifically, Chucks Used Cars, Sharon Seals and Charles Edward Seals, Mississippi citizens who are defendants in the state court action; and (2) the amount in controversy is below the $75,000 threshold for federal diversity jurisdiction. Neither position is a basis for releif.

> Under Fifth Circuit authority,
>
> a Rule 60(b)(4) challenge to jurisdiction should be sustained only where there is a "clear usurpation of power" or "total want of jurisdiction." Nemaizer v. Baker, 793 F.2d 58, 64–65 (2d Cir. 1986); see also United States v. Tittjung, 235 F.3d 330, 335 (7th Cir.2000) ("Only when the jurisdictional error is 'egregious' will courts treat the judgment as void.").

Callon Petroleum Co. v. Frontier Ins. Co., 351 F.3d 204, 208 (5th Cir. 2003). See also United Student Aid Funds, Inc. v. Espinosa, 559 U.S. 260, 271, 130 S. Ct. 1367, 1377, 176 L. Ed. 2d 158 (2010) (observing that "[f]ederal courts considering Rule 60(b)(4) motions that assert a judgment is void because of a jurisdictional defect generally have reserved relief only for the exceptional

5

case in which the court that rendered judgment lacked even an 'arguable basis' for jurisdiction.") (citations omitted). In the court's opinion, even if the referenced Mississippi defendants were indispensable parties, their nonjoinder would not have resulted in a total absence of jurisdiction so as to render the judgment void. See Kansas City S. Ry. Co. v. Great Lakes Carbon Corp., 624 F.2d 822, 825-26 (8th Cir. 1980) (alleged failure to join indispensable party did not render judgment void under Rule 60(b)(4), because the court was vested with power to deal with the type of case before it and had acquired jurisdiction over the parties before it"). However, as CAC correctly points out, "[t]he fact that [White and Thames] may have asserted claims in the state court suit against others who had some involvement in the underlying transaction does not make those others necessary parties to this action, in which the sole issue is whether the defendant is to be compelled to arbitrate its claims against [CAC]." Bank One v. Coates, 125 F. Supp. 2d 819, 822 (S.D. Miss. 2001).

Under the above-cited standard applicable under Rule 60(b)(4), the judgment will not be considered void unless the court had no arguable basis for finding that the amount in controversy exceeded the $75,000 required for diversity jurisdiction. In the court's opinion, it is not only arguable, but rather facially apparent from defendants' state court pleading that the jurisdictional minimum is satisfied. In a suit to compel

arbitration, the amount in controversy "is the amount of the potential award in the underlying arbitration proceeding." Webb. Investacorp, 89 F.3d 252, 256 (5th Cir. 1996). CAC's complaint sought an order compelling White and Thames to arbitrate their state court claims. In the state court action, White and Thames alleged in June 2016, Chucks Used Cars sold them a car, which was financed by CAC. The complaint explicitly demanded compensatory damages in excess of $34,000 *together with* punitive damages and attorney's fees. On this basis, the court concludes that is facially apparent that the amount in controversy exceeds $75,000. See S&S Pharmacy, Inc. v. Xerox Audit & Compliance Sols., LLC, No. 1:16CV269-LG-RHW, 2016 WL 4536882, at *2 (S.D. Miss. Aug. 30, 2016) (court may take demand for unspecified punitive damages into account when determining the amount in controversy).[4]

White and Thames further appear to contend that the judgment is void because it was entered without notice as required by Rule 55(b)(2) and/or by 9 U.S.C. § 4. Their position is without merit because they were not entitled to notice of the motion for default judgment under either Rule 55(b) or FAA § 4.

---

[4] While "[d]ue process does not generally allow punitive damages more than four times the amount of compensatory damages." S&S Pharmacy, Inc. v. Xerox Audit & Compliance Sols., LLC, No. 1:16CV269-LG-RHW, 2016 WL 4536882, at *2 (S.D. Miss. Aug. 30, 2016) (citing Bridges v. Freese, 122 F. Supp. 3d 538, 551 (S.D. Miss. 2015)), an award of punitive damages slightly more than the amount demanded in compensatory damages would not begin to approach the level of constitutional impropriety.

7

Rule 55(b)(2) states: "If the party against whom a default judgment is sought has appeared personally or by a representative, that party or its representative must be served with written notice of the application at least seven days before the hearing." White and Thames did not appear personally or through their counsel prior to the motion for default judgment or the court's entry of the default judgment. They were litigating, and were represented by counsel, in their state court case. However, they never entered an appearance *in this case* and thus were not entitled to notice of default *in this case*.[5] See <u>Sellers v. Osyka Permian, LLC</u>, 263 F.R.D. 372, 374 n.1 (S.D. Miss. 2009) (concluding that defense counsel's appearance in related bankruptcy proceedings did not entitle defendant to notice of default under Rule 55(b) in district court litigation).

Section 4 of the FAA provides that a party aggrieved by another's alleged failure to arbitrate under a written agreement may petition the court for an order directing arbitration and that "[f]ive days' notice in writing of such application shall be served upon the party in default." The "default" referenced in this provision relates to a party's failure to arbitrate pursuant to written agreement, not a party's failure to answer a complaint

---

[5] White and Thames' counsel does not dispute that he had actual knowledge of the pending complaint for arbitration. CAC provided him with a courtesy copy of the complaint in this action after his clients were served.

for arbitration. Accordingly, there are no due process concerns which would render the default judgment void.

While defendants do not explicitly invoke Rule 60(b)(1) as a basis for their motion, defendants intimate in their motion that they failed to answer because they were misled by CAC's actions in the state court case into thinking that CAC intended to litigate (not arbitrate) their claims in the state court case; and defendants further assert they have presented a meritorious defense. These arguments are suggestive of a request for relief grounded on Rule 60(b)(1), which allows for relief from a default judgment based on "mistake, inadvertence, surprise, or excusable neglect."

Rule 60(b)(1) is to be liberally construed to ensure that doubtful cases are resolved on the merits. Rogers v. Hartford Life and Acc. Ins. Co., 167 F.3d 933, 938 (5th Cir. 1999) (citing Harrell v. DCS Equip. Leasing Corp., 951 F.2d 1453, 1459 (5th Cir. 1992) ("This court applies Rule 60(b) 'most liberally to judgments in default ... [because] ... [t]runcated proceedings of this sort are not favored.' ") (internal citations omitted)).

To determine whether a default judgment should be set aside under Rule 60(b)(1), the Fifth Circuit has directed the district court to "examine the following factors: 'whether the default was willful, whether setting it aside would prejudice the adversary, and whether a meritorious defense is presented.'" Jenkens &

Gilchrist v. Groia & Co., 542 F.3d 114, 119 (5th Cir. 2008) (quoting In re Dierschke, 975 F.2d at 183).

> [T]wo of [these] factors carry special significance. A district court has the discretion to refuse to set aside a default judgment under 60(b)(1) if the defendant "fails to present a meritorious defense sufficient to support a finding on the merits for the defaulting party." Lacy [v. Sitel Corp.], 227 F.3d 290, 293 (5th Cir. 2000). Also, if a district court finds a defendant's default to be willful, then the district court need not make any other finding. See Dierschke, 975 F.2d at 184.

Jenkens & Gilchrist, 542 F.3d at 119-20. "A willful default is an intentional failure to respond to litigation." In re Dierschke, 975 F.2d at 184. Defendants have the burden of showing by a preponderance of the evidence that their neglect was excusable, rather than willful. In re Chinese-Manufactured Drywall Prods., 742 F.3d at 594.

Defendants have failed to demonstrate that their failure to answer was the result of excusable neglect and not willful. Defendants do not contend that service was defective or that they were unaware of this federal action; and counsel for defendants has conceded that he had actual notice that CAC's complaint for arbitration had been filed and served on his clients. In addition to serving defendants, by email dated May 22, 2017, counsel for CAC sent counsel for defendants a courtesy copy of the complaint for arbitration and advised him of the date on which his clients were served. Yet defendants did not file an answer to CAC's complaint. Defendants do not contend that CAC's counsel

10

affirmatively represented to them that they were not required to file an answer in this federal action but they suggest that by proceeding in the state court action without mentioning or demanding arbitration, CAC's counsel somehow led them and their counsel to believe that CAC did not intend to pursue its complaint for arbitration, thus obviating the need for them to respond to the federal court complaint.  Their professed belief in this regard was not reasonable and does not excuse the failure to answer the complaint.

Furthermore, defendants have failed to present a meritorious defense.  To present a meritorious defense, defendants must make a "clear and specific showing ... by [a] definite recitation of facts" that they have a valid defense.  Jenkens & Gilchrist, 542 F.3d at 121 (citing Moldwood Corp. v. Stutts, 410 F.2d 351, 352 (5th Cir. 1969)).  Their "'defense is measured not by whether there is a likelihood that it will carry the day, but whether the evidence submitted, if proven at trial, would constitute a complete defense.'"  Id. (quoting Enron Oil Corp. v. Diakuhara, 10 F.3d 90, 98 (2d Cir. 1993) and citing 10A Charles A. Wright, Arthur R. Miller, & Mary Kay Kane, Federal Practice & Procedure: Civil 3d § 2697 (1998) ("The underlying concern is to determine whether there is some possibility that the outcome of the suit after a full trial will be contrary to the result achieved by the default.")).

Defendants' motion to set aside the default judgment does not explicitly put forward a defense to the complaint for arbitration. Defendants intimate in their motion that they did not enter an agreement to arbitrate.[6] This would be a meritorious defense. See Webb v. Investacorp., Inc., 89 F.3d 252, 258 (5th Cir. 1996) (per curiam) (to determine whether to grant motion to compel arbitration, district court's "first step is to determine whether the parties agreed to arbitrate the dispute at issue."). However, the evidence does not support their position.

As best the court can tell, White and Thames claim they did not sign the July 8, 2016 retail installment contract containing the arbitration agreement, which document was submitted by CAC as an exhibit to its complaint for arbitration. This document, they say, which purports to be a "copy of the electronic original," signed by them electronically, is "falsified."[7] According to their motion, White and Thames "confirmed the falsity of [CAC's] submission only after comparing them to the documents which they provided to their attorneys in State Court and as they were previously provided by the Agents of CAC." They have attached as an exhibit to their motion a copy of what they contend to be a true and correct copy of the documents they received from CAC's

---

[6] They say in their "Conclusion" section of the motion that "this state court matter proceeds on nothing more than state law claims that are not based on a valid contract."

[7] On the lines and in the spaces designated for the buyers' signatures or initials, this document has what are clearly computer-generated signatures and initials.

12

agents.  This exhibit consists of both an unsigned and undated "Review Copy" of a retail installment contract (which, the court notes, does contain an arbitration agreement), *and* an executed copy of defendants' *consent to the use of their electronic signatures* in connection with the execution of the retail installment contract.  Moreover, in their state court complaint, White and Thames specifically affirmed that they entered into an Agreement; even assuming they were referring to the "review copy" they have provided to this court rather than the electronically signed version of the Agreement presented by CAC, the fact is, both documents contain the very same arbitration agreement requiring arbitration of any dispute between the parties, i.e., "any controversy or claim between You and US arising out of or in any way related to this Contract."  Clearly, defendants' claims in the state court action fall within the purview of this provision.[8]

Based on the foregoing, the court concludes that defendants have failed to provide any valid basis to set aside the default judgment.  Accordingly, it is ordered that defendants' motion to set aside default judgment is denied.

SO ORDERED this 3rd day of August, 2017.

---

[8] Defendants may also be seeking relief under Rule 60(b)(3) on the basis that the default judgment was obtained by fraud, i.e., by the submission of a falsified document.  To secure relief under Rule 60(b)(3), defendants must prove their allegation of fraud "by clear and convincing evidence...." Longden v. Sunderman, 979 F.2d 1095, 1103 (5th Cir. 1992).  For the same reasons they have failed to present a meritorious defense, White and Thames have not sustained their burden to prove that CAC obtained the default judgment by fraud.

/s/ Tom S. Lee
UNITED STATES DISTRICT JUDGE